. 521 P.2d 154

**The ARIZONA CORPORATION COMMISSION, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA and the Honorable Irwin Cantor, Judge, Respondents,**

**GAC PROPERTIES, INC., an Arizona Corporation, Respondent-Real Party In Interest.**

**No. 1 CA–CIV 2674.**

Court of Appeals of Arizona, Division 1, Department A.

April 23, 1974.
Rehearing Denied May 24, 1974.
Review Denied June 11, 1974.

Gary K. Nelson, Atty. Gen., by Gary L. Sheets, Asst. Atty. Gen., for petitioner.

Lewis & Roca, by Walter Cheifetz, and Gordon W. Campbell, Phoenix, for respondent-real party in interest.

## OPINION

STEVENS, Judge.

■ The question presented by this special action is at what point the right to appeal the denial of a request for rehearing from a decision of the Corporation Commission expires.

Late in 1973 the Arizona Corporation Commission had before it a rate application of Citizens Utility Company concerning the use of natural gas in Santa Cruz County, Arizona. On 2 November 1973 the Arizona Corporation Commission entered Decision No. 43763 which granted Citizens' application in part. On 21 November 1973 both GAC Properties Inc. (the real party in interest herein) and Kino Springs intervened and filed applications for rehearing with the Arizona Corporation Commission. GAC's application was denied on 11 December 1973, and that of Kino Springs was denied on 14 December 1973.

On 11 January 1974 GAC commenced action C–286786 in Maricopa County Superior Court. On 23 January 1974 the Attorney General of Arizona, on behalf of the Corporation Commission, moved to dismiss the action, in that it was filed 31 days after the denial of GAC's petition for rehearing. The Commission's position was and is that the Superior Court has jurisdiction to hear only those appeals from its decisions which are filed "within thirty days after a rehearing is denied or granted, and not afterwards * * *" in accordance with A.R.S. § 40–254(A). GAC contended that the 30-day period did not begin to run until *all* petitions for rehearing had been granted or denied. On 7 February 1974 the motion to dismiss was denied. From this denial the Commission brought this special action.

The statutes pertinent to this question are A.R.S. § 40–253 et seq. A.R.S. § 40–253(A) enumerates those who may seek a rehearing of a Corporation Commission order. Although the group is quite large, the tone of the statute is overwhelmingly in the singular; that is, detailed procedures are set out telling each objector how to proceed with its motion. A.R.S. § 40–253(B) states clearly no corporation or person may have a claim based on the provisions of an order unless that corporation or person makes a timely application for a rehearing. A.R.S. § 40–253(C) provides that no issues omitted from an application may later be raised in any court. A.R.S. § 40–253(D) refers to time limits established for the hearing of each application. GAC apparently uses A.R.S. § 40–253(D) to argue that since an application filed 10 days before an order's effective date suspends the effect of the order until its determination, Kino Springs' application also suspended GAC's obligation to appeal the

denial of its motion for rehearing until the determination of Kino's motion. We find no express language to that effect. The consistent references to each individual application throughout the statutes does not support the inference that for the purpose of appeal, applications for rehearing are interdependent.

■ GAC next contends that requiring an action to be filed in Superior Court on issues which may be before the Corporation Commission would lead to inconsistent results and would not further judicial economy. A.R.S. § 40–254(B) provides that if the order appealed from is rescinded by the Commission, the appeal shall be dismissed from Superior Court. If the order is modified by the Commission, the modified order shall be the order upon which the Superior Court shall issue its judgment. It appears that the Commission retains the power to modify its order until the Superior Court has issued its judgment. Furthermore, requiring an appeal from each denial of a motion for rehearing is consistent with the express statutory intention that appeals from Corporation Commission proceedings receive an expeditious hearing in Superior Court. See A. R.S. § 40–255.

Respondent argues that an appeal from the denial of a motion for rehearing would be premature, since the Corporation Commission had the power to revise its decision until the last motion for rehearing is denied. Again, we reject the collective view of the proceedings which respondent argues. The order denying respondent's motion for rehearing terminated its participation in the proceedings. Whatever issues respondent raised in its petition to intervene could no longer be urged by it before the Commission. If the respondent felt that the issues were improperly decided, its only relief was by appeal as prescribed by A.R.S. § 40–254. The prospect that the Commission, after denying respondent's contention on an issue, might grant a rehearing to another real-party-in-interest and might subsequently reach a modifying conclusion on precisely the same issue, is not a substantial reason to delay bringing an appeal.

Finally, respondent contends that since no language similar to 16 A.R.S., Rules of Civil Procedure, Rule 54(b) is found in the statutes, it must be presumed that no decision is final until all the issues and parties involved in the action have been dealt with in the decision. The rule is otherwise.

At the time the statutes in question were enacted, and at all times prior to 1 October 1949, Arizona procedure allowed final dispositions of less than all claims and parties, permitting the action to proceed as to remaining parties and claims. § 550, R.S. A. 1913; § 3835 R.C.A. 1928; § 21–1202 A.C.A. 1939. Pursuant to Chapter 8, Laws of 1939, the Arizona Supreme Court adopted Rules of Civil Procedure which were effective 1 January 1940. These rules were "in substance, the new Federal Rules of Civil Procedure, modified in a few instances to suit local conditions." Initially the rules were carried in the 1939 A.C.A. as code sections rather than as the numbered rules with which we are now familiar. The amendment to Rule 54(b), effective 1 October 1949, was carried in the 1952 Cumulative Supplement to the 1939 A.C.A. as § 21–1202. The 1949 amendment (now in substance Rule 54(b)) created the requirement of an express determination that there is no just reason for delay, and an express direction that judgment be entered, before any judgment disposing of less than all the claims becomes final. We presume the Legislature has known of this change, but has not chosen to include this provision in the statutes in question.

The ruling of the trial court in failing to grant the petitioner's motion to dismiss was not proper, in that the trial court had no jurisdiction to hear respondent's complaint, since the time for appeal provided by statute had elapsed.

We direct the trial court to grant petitioner's motion to dismiss respondent's complaint.

DONOFRIO, P. J., and OGG, J., concur.