555 P.2d 355

**GENERAL CABLE CORPORATION, a New Jersey Corporation, Appellant,**

v.

**ARIZONA CORPORATION COMMISSION and Citizens Utilities Company, a Delaware Corporation, Appellees.**

**No. I CA–CIV 3258.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 26, 1976.

Rehearing Denied Sept. 28, 1976.

Petition for Review Denied Oct. 19, 1976.

Lewis & Roca by John P. Frank, Walter Cheifetz and Thomas C. Horne, Phoenix, for appellant.

Evans, Kitchel & Jenckes by Lex J. Smith, Phoenix, for appellee Citizens Utilities Co.

Bruce E. Babbitt, Atty. Gen., by Charles S. Pierson, Asst. Atty. Gen., Phoenix, for appellee Arizona Corp. Commission.

## OPINION

FROEB, Judge.

This appeal questions the propriety of the Arizona Corporation Commission (the Commission) decision by which the Commission refused to grant the appellant, General Cable Corporation (General Cable), the "special rate" it requested at a rate adjustment proceeding initiated by the appellee, Citizens Utilities Company (Citizens).

Citizens is a utility supplying electrical power to Mohave County, Arizona. General Cable operates a copper rod mill in Mohave County. Power for the mill is supplied by Citizens pursuant to a 20-year contract under which Citizens agreed to supply General Cable with all of the power it required to run its Mohave County facilities. General Cable, in turn, agreed to pay Citizens for a specified minimum quantity of power per month, whether or not such power was actually used by General Cable. The minimum quantity of power agreed upon by the two companies was based on the projected construction of a pulp mill in Mohave County by General Cable which was to be operated in conjunction with its rod mill. After entering into the contract, however, General Cable decided against construction of the pulp mill. As a result, the agreed-upon power minimum greatly exceeds the actual power used by General Cable in the operation of its rod mill.

In June, 1972, General Cable filed a complaint with the Commission alleging that the rates resulting from the contract were unjust, unreasonable and discriminatory. By its complaint, General Cable sought rescission of the contract. That action is the subject of this court's consolidated opinion filed this date in *General Cable Corp. v. Citizens Utilities Co.*, and *General Cable Corp. v. Arizona Corporation Commission*, 27 Ariz.App. 381, 555 P.2d 350.

On October 13, 1972, approximately five months after seeking rescission of the contract, General Cable intervened in a rate adjustment proceeding brought before the Commission by Citizens to secure a general rate increase as to all of its customers. The object of this intervention was to have the Commission place General Cable on a "special rate" by which it would be charged approximately one-half the rate charged other industrial power users by Citizens. On December 6, 1973, following a rate hearing, the Commission issued its Decision No. 43819 which established the rate base and the allowable rate of return for Citizens. The decision also instructed Citizens to work with the Commission's staff to formulate new rate schedules which would conform to the allowable rate of return the Commission had established. The decision did not grant any of the relief requested by General Cable. It explicitly denied all motions, previously made,

which had not been ruled upon. General Cable did not apply for a rehearing of the Commission's decision. Subsequently, the new rates submitted by Citizens were approved by the Commission.

Following approval of the new rates, General Cable filed a petition for "further hearings" with the Commission. The petition cited the Commission's failure to approve the new rates by formal written order as a denial of General Cable's right to apply for a rehearing pursuant to A.R.S. § 40–253. The petition sought relief in the form of "an order setting further hearings to determine whether the rates recently established are unreasonable and discriminatory for reasons other than overall rate base or rate of return." In the alternative, the petition requested the Commission to issue a formal order approving the new rates so that General Cable could apply for a rehearing. On May 29, 1975, following a hearing, General Cable's petition was dismissed by the Commission (Decision No. 46122).

General Cable subsequently filed a complaint in superior court challenging the ruling of the Commission. A motion to dismiss filed by the Commission was thereafter granted from which General Cable brings this appeal.

Although the parties raise arguments concerning the adequacy of General Cable's pleadings in the trial court and the defectiveness of its motion for rehearing following the Commission's Decision No. 46122, we find that General Cable's failure to request a rehearing following the Commission's Decision No. 43819 is dispositive of this appeal and makes it unnecessary to discuss the other issues raised by the parties.

▮ A.R.S. § 40–253(B) provides that no claim arising from any order of the Corporation Commission shall accrue unless an application for rehearing is made before the effective date of the order. General Cable did not request a rehearing after the Commission entered its order in

Decision No. 43819. Under A.R.S. § 40–253(B), General Cable was thereby precluded from subsequently raising the defectiveness of the order issued by the Commission in that decision.

General Cable contends, however, that the order issued in Decision No. 43819 failed to deal with its requested relief, and that it was not aware that its request for relief had been denied until the new rates submitted by Citizens were approved by the Commission.

A close analysis of the Commission's order in Decision No. 43819 fails to support General Cable's position. It is clear from the language of the order that it was intended to deal with all matters then pending before the Commission with respect to Citizens' requested rate change, and that no additional orders would be forthcoming. The only matters left unresolved by the order were the establishment of a new rate schedule for Citizens and its approval by the Commission. We can find no requirement that the Commission must approve the new rate schedule by another formal written order, and General Cable does not suggest that such a requirement exists. Furthermore, the order specifically provided that the new "rates as approved by this Commission shall be charged for *all* usage of electric on and after the effective date of this order." (Emphasis added.) Finally, the order denied all motions which had not been acted upon by the Commission.

▮ General Cable's motion for further hearings, filed after the rates submitted by Citizens were approved, was not sufficient to keep its claim alive. Arizona Corporation Commission Regulation R14–3–116B, then in effect, indicates that such a motion was proper only "before final submission" of a matter, and that the evidence to be adduced at such a hearing "must appear not to be merely cumulative." General Cable did not make an application for further hearings until after the matter had been finally submitted to the Commission for decision. Furthermore, the basis

for General Cable's motion, although an apparent challenge to the rate schedule approved by the Commission, was actually an attack on the validity of the Commission's original order. It did not introduce any new or different evidence. Instead of arguing that the rate schedule submitted by Citizens, as approved, did not conform to either the established rate base or the allowable rate of return, or both, General Cable argued that the Commission's order in Decision No. 43819 was not supported by the evidence. Such an argument would have been proper in a petition for rehearing, not in a motion for further hearings. For these reasons we hold that the Commission properly dismissed General Cable's motion for further hearings. It follows then that General Cable's complaint in superior court was a collateral attack on the final Commission decision of December 6, 1973 and, as such, was barred by A.R.S. § 40–252 which gives conclusive effect to Commission decisions against such attacks. Consequently, the trial court was without jurisdiction to hear the matters raised by General Cable in its complaint, and it acted properly in dismissing the complaint.

■ A further question raised by General Cable in oral argument both before the Commission as well as this court deserves mention. This has to do with increased cost for fuel used to generate electricity which Citizens passes on to its customers through its electric rates. Since its contract with Citizens requires it to pay for electricity it does not use, General Cable argues that it should not have to pay for increased fuel costs attributable to unused electricity Citizens does not even generate. Thus it argues that the Commission should fix a special rate or otherwise alleviate it from having to share this increased cost of electricity for which it is obligated to pay but which it does not consume. A review of the record reveals that this issue was not squarely presented to the Commission and therefore has not been ruled upon. Consequently, we do not reach that issue here and express no view as to whether the Commission or the court may favorably consider it.

The order of the trial court dismissing General Cable's complaint is affirmed.

DONOFRIO, P. J., and OGG, J., concur.