924 P.2d 450

**PHOENIX NEWSPAPERS, INC., an Arizona corporation, dba The Arizona Republic, and Alison Young, Plaintiffs/Appellants,**

v.

**The ARIZONA DEPARTMENT OF ECONOMIC SECURITY, a public body, and Charles Cowan, its acting director, Defendants/Appellees.**

**No. 2 CA–CV 95–0253.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 31, 1996.

Reconsideration Denied Feb. 6, 1996.

Review Denied Sept. 24, 1996.

Morrison & Hecker by James F. Henderson and Patricia A. Sallen, Phoenix, for Plaintiffs/Appellants.

Grant Woods, Attorney General by Robert J. Sorce, Phoenix, for Defendants/Appellees.

## OPINION

HATHAWAY, Judge.

Phoenix Newspapers, Inc., and one of its reporters (collectively PNI), petitioned, by special action, for access to foster parent licensing records on file with the Arizona Department of Economic Security (ADES). The trial court ruled that PNI was entitled to view the files, but ordered ADES to redact the foster parent's personally identifiable information such as name, address, telephone or fax number, photograph, fingerprints, physical description, place, address or telephone number of employment, Social Security number, driver's license and auto numbers. PNI appeals only the redaction order. We affirm.

The trial court's redaction order was based on the provisions of A.R.S. § 41–1959(A). When the court initially ruled, the statute provided in pertinent part:

> Unless otherwise provided by law, all personally identifiable information concerning any applicant, claimant, recipient, employer or client, . . . or concerning any person involved in . . . any child or adult protective services action is confidential and shall not be released unless ordered by a superior court judge. . . .

The trial court reasoned that foster parents fall into the category of "applicants" within the statute, thus holding that their personally identifiable information is confidential. Before the court entered formal judgment, however, the legislature amended the pertinent part of the statute to read:

> Unless otherwise provided by law, all personally identifiable information concerning any applicant, claimant, recipient, employer or client or concerning any person involved in an adult protective services action is confidential and shall not be released unless ordered by a superior

court judge.... Records and files that relate to investigations conducted by child protective services in the department are confidential. The department shall release this information only as prescribed by § 8–546.07.

At the court's request, the parties briefed the amendments to both § 41–1959 and § 8–546.07. The court determined that the amendment did not materially affect the prior ruling and entered judgment accordingly.

On appeal, PNI argues that because foster parents are not "applicants" for social services or welfare funds provided by ADES, they do not fall within the strictures of § 41–1959. Instead, PNI claims that foster parents' licensing files are public records and, thus, under § 39–121, are "open to inspection by any person." PNI also argues that the public has the right to information concerning the type of individuals chosen to be a foster parent, particularly in light of recent disclosures of inappropriate behavior by some of these individuals.

ADES counters that foster parents come within the definition of "applicants" because they must apply for a license, *see* § 8–501, and submit detailed personal and family history regarding employment, income, expenses, and medical history. *See* Ariz.Admin.Code R6–5–5802(B). ADES also argues that disclosure of this information would not only make it difficult to recruit and retain individuals as foster parents, but it would put foster children at risk because an abusive parent could learn where they live.

■ The interpretation of a statute is a question of law, which we review *de novo*. *Barry v. Alberty*, 173 Ariz. 387, 843 P.2d 1279 (App.1992). It is within the trial court's discretion whether to grant special action relief. *State v. Kennedy*, 143 Ariz. 341, 693 P.2d 996 (App.1985). On appeal, we determine that the trial court did not abuse its discretion. *State v. Veatch*, 132 Ariz. 394, 646 P.2d 279 (1982).

■ Section 41–1959(A) does not define "applicants." Absent a statutory definition, the words in a statute are given their common, ordinary meaning. *Valley National Bank of Arizona v. Educational Credit Bureau, Inc.*, 23 Ariz.App. 148, 531 P.2d 193 (1975). Webster's Ninth New Collegiate Dic-

tionary 97 (1985) defines "applicant" as "one who applies." Because foster parents must successfully complete a statutorily mandated application and licensure process, it logically follows that they are "applicants" for purposes of § 41–1959(A). We find nothing in the statute that contradicts this interpretation, which is likewise consistent with ADES' interpretation thereof. We accord great weight to an agency's interpretation of a statute. *Capitol Castings, Inc. v. Arizona Dept. of Economic Security*, 171 Ariz. 57, 828 P.2d 781 (App.1992).

■ Although the reference to *child* protective services was removed from the amended version of § 41–1959(A), which now only refers to actions concerning *adult* protective services, we agree with the trial court that the amended statute nonetheless protects the confidentiality of foster parents. It still provides that personally identifiable information concerning "applicants" shall be confidential. This provision was not altered by the amendment, despite removal of the language concerning child protective services.

■ Moreover, the reason this language was removed is because the legislature intended to address all child protective services matters under title 8 (Children) rather than under title 41 (State). The legislature expressed its reasoning:

> [T]he confidentiality of the Child Protective Services Agency client files will be governed solely by the laws established in A.R.S. § 8–546.07 by eliminating references to dependency actions found in the confidentiality laws which govern the Department of Economic Security client files found in A.R.S. § 41–1959.... [T]he laws governing the Child Protective Services Agency files are subject to the confidentiality laws found in A.R.S. § 8–546.07.... [The amended statute] [d]eletes references to "dependency actions" from the DES confidentiality statutes found in A.R.S. § 41–1959 and clarifies that the confidentiality laws governing these actions are found in A.R.S. § 8–546.07.

(Fact sheet for S.B. 1423, prepared by Senate Staff June 1, 1994). The concerns involved in investigations of child abuse and neglect, as addressed in the confidentiality

provision of § 8–546.07, are distinct from those involved in the process of licensing individuals as foster parents. To afford the same confidentiality protection to the files of foster parents as to any other state applicant is consistent with the expressed intent of our legislature in amending § 41–1959(A). We thus conclude that § 8–546.07 is not relevant to the issue before us and, therefore, decline to address the parties' remaining arguments concerning this statute.

PNI nevertheless contends that because foster parent records are not confidential under a specific statute, they are public records pursuant to § 39–121, arguing that they are open for public inspection unless countervailing interests of confidentiality, privacy or the best interests of the state are invoked. *Carlson v. Pima County,* 141 Ariz. 487, 687 P.2d 1242 (1984). However, because we hold that the records are confidential pursuant to § 41–1959(A), a specific statute, they are not subject to a public records analysis. *Berry v. Dept. of Corrections,* 145 Ariz. 12, 699 P.2d 387 (App.1985).

Accordingly, we affirm the trial court's ruling that the confidentiality provision of § 41–1959(A) protects personally identifiable information of foster parents.

DRUKE, C.J., and ESPINOSA, P.J., concur.