NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KERRY HEES, et al., *Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY, *Defendant/Appellee*.

No. 1 CA-TX 17-0004
FILED 10-09-2018

Appeal from the Arizona Tax Court
No. TX2016-000009
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Hagens Berman Sobol Shapiro LLP, Phoenix
By E. Tory Beardsley, Robert B. Carey, Leonard W. Aragon
*Co-Counsel for Plaintiffs/Appellants*

The Wilkins Law Firm PLLC, Scottsdale
By Amy M. Wilkins
*Co-Counsel for Plaintiffs/Appellants*

Maricopa County Attorney's Office, Phoenix
By Kathleen A. Patterson, Joseph J. Branco
*Co-Counsel for Defendant/Appellee*

Walker & Peskind, PLLC, Scottsdale
By Richard K. Walker
*Co-Counsel for Defendant/Appellee*

_____

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

_____

**C A M P B E L L**, Judge:

¶1         Kerry Hees and Richard Zielinski ("Taxpayers") appeal from the tax court's entry of judgment on the pleadings dismissing their error correction claims against Maricopa County ("County"). For the following reasons, we affirm.

## BACKGROUND

¶2         In March 2015, Taxpayers filed notices of claim with the Maricopa County Board of Supervisors ("Board of Supervisors") claiming an error in their property tax assessments. *See* Ariz. Rev. Stat. ("A.R.S.") § 42-16254(A). After the County disputed their claims, the parties participated in a hearing before the State Board of Equalization ("SBOE"). *See* A.R.S. § 42-16254(C), (F). The SBOE denied Taxpayers' claims. *See* A.R.S. § 42-16254(F).

¶3         In January 2016, Taxpayers appealed the SBOE's decision to the tax court. *See* A.R.S. § 42-16254(G). They titled their pleading a "class action petition" and brought the action on behalf of themselves and "all others similarly situated." Taxpayers' petition served as their notice of appeal from the SBOE's decision. Taxpayers named only one defendant—the Maricopa County Assessor's Office ("Assessor"). They served the Assessor three days after filing their appeal.

¶4         The Assessor moved to dismiss Taxpayers' claims, asserting he is a non-jural entity and, therefore, not subject to suit. Taxpayers cross-moved to amend their petition to name the County as the proper defendant. The tax court denied the Assessor's motion to dismiss and granted Taxpayers leave to amend. On June 23, 2016, Taxpayers filed a "first amended class action petition," this time properly naming the County as the defendant. Taxpayers did not serve the County, however, until September 1, 2016, 70 days later.

¶5         Thereafter, the County moved for judgment on the pleadings pursuant to Arizona Rule of Civil Procedure ("Rule") 12(c), seeking

dismissal of Taxpayers' appeal on several bases, including failure to timely serve the County pursuant to A.R.S. § 42-16209.[1] This statute requires service within 10 days after filing a notice of appeal to tax court. *See* A.R.S. § 42-16209(A). Following oral argument, the court granted judgment on the pleadings, dismissing the case for untimely service.

## DISCUSSION

**¶6** In reviewing a grant of judgment on the pleadings, we accept the factual allegations of the complaint as true and review all legal conclusions de novo. *See Save Our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, 218-19, ¶ 6 (App. 2007). The issue we must decide is whether the tax court erred in dismissing Taxpayers' error correction claims for failure to timely serve the County.

## I. The Application of A.R.S. § 42-16209

**¶7** Taxpayers first argue that § 42-16209, contained in Article Five of Chapter Sixteen, Title Forty-Two, does not apply because their claims originate from the error correction statutes found in Article Six. Pursuant to § 42-16209, "[a] copy of the notice of appeal shall be served on the defendant . . . within ten days after filing in the manner provided for service of process in the rules of civil procedure or by certified mail." A.R.S. § 42-16209(A). Taxpayers urge this court to read Articles Five and Six separately and instead apply the Arizona Rules of Civil Procedure in matters arising under this title to negate the 10-day service requirement.

**¶8** The rules of statutory construction require that statutes relating to the same subject matter, described as *in pari materia*, "be construed together with other related statutes as though they constitute[] one law." *Pima County ex rel. Tucson v. Maya Constr. Co.*, 158 Ariz. 151, 155 (1988); *Ariz. Dep't of Revenue v. Maricopa County*, 120 Ariz. 533, 535 (1978) ("It is a basic principle of statutory construction that tax statutes relating to the same subject should be read together and construed as a whole."); *Ariz. Dep't of Revenue v. S. Point Energy Ctr., LLC*, 228 Ariz. 436, 439, ¶ 12 (App. 2011) (explaining that courts "construe related statutes in the context of the statutory scheme"). Accordingly, §§ 42-16209 and -16254—the statute governing error correction claims—should be construed together.

**¶9** Article Five is entitled "Property Tax Appeals to Court." *See* A.R.S. §§ 42-16201 to -16215. These statutes, including § 42-16209, set forth

---

[1] Because the County had already answered Taxpayers' complaint, it moved for judgment on the pleadings pursuant to Rule 12(c).

procedures for appealing property tax matters to a court. *See id.* Here, Taxpayers appealed the SBOE's decision on their alleged property tax errors to tax court pursuant to A.R.S. § 42-16254(G), found in Article Six. Section 42-16254(G) provides that a party who is dissatisfied with the SBOE's decision on an alleged property tax error "may appeal the decision to court" within 60 days after the SBOE's decision is mailed. Because Taxpayers appealed the SBOE's decision to court, the procedures set forth in Article Five apply, including the 10-day service requirement of § 42-16209(A).

¶10　　　　The responsibility for complying with the statutory procedure for appealing an SBOE decision to tax court falls upon the party taking the appeal. *See Ariz. Dep't of Revenue v. Navopache Elec. Co-op, Inc.*, 151 Ariz. 318, 320 (App. 1986). Part of that responsibility involves naming and serving the proper defendant. *See Pesqueira v. Pima Cty. Assessor*, 133 Ariz. 255, 257 (App. 1982). Here, Taxpayers were responsible for both naming the County as the proper defendant and serving the County within 10 days following the filing of the appeal pursuant to § 42-16209, either by personal service or certified mail. *See* A.R.S. § 42-16209(A). Rule 4.1(h)(2) provides that service on the County must be made through the Clerk of the Board of Supervisors. *See Maricopa County v. Ariz. Tax Court*, 162 Ariz. 64, 69 (App. 1989) (holding that plaintiffs' only alternative was to serve their notices of appeal on a member of the Board of Supervisors or its clerk).

¶11　　　　In this case, Taxpayers initially named and served the Assessor, who was the wrong defendant. *See Braillard v. Maricopa County*, 224 Ariz. 481, 487, ¶ 12 (App. 2010) ("[A] governmental entity may be sued only if the legislature has so provided."). After the court permitted Taxpayers to amend their appeal to name the County, the proper defendant, Taxpayers failed to timely serve the County. In fact, Taxpayers did not serve the County, through the Board of Supervisors, either by personal delivery or certified mail, until 70 days after filing their amended petition. Accordingly, the tax court's dismissal of Taxpayers' appeal based on their failure to timely serve the County was proper.

¶12　　　　Taxpayers argue, however, that service of the amended petition on the Assessor's attorneys, via AZ Turbo Court, was sufficient, because the same attorneys later appeared to represent the County. They argue that their amended petition, adding the County as a defendant, was an "administrative caption correction that did not require another personal service." We disagree.

4

**¶13** The amendment to Taxpayers' petition involved not merely a "caption correction," but the addition of a new defendant—the County. The Rules require service on the County through the Board of Supervisors' clerk. *See* Ariz. R. Civ. P. 4.1(h)(2). Simply providing a copy of the amended petition to the Assessor's attorneys was not sufficient. *See Ellman Land Corp. v. Maricopa County*, 180 Ariz. 331, 334 (App. 1994) ("[N]aming and serving the Maricopa County Assessor was not the equivalent of naming and serving Maricopa County."); *Maricopa County*, 162 Ariz. at 69 (holding that when the Maricopa County Attorney has not yet appeared as counsel for the County, service on the County Attorney's office pursuant to Rule 5(c) is not available).

**¶14** Accordingly, we affirm the grant of judgment on the pleadings.

## II. Excusable Neglect

**¶15** Taxpayers alternatively argue that if personal service was required, then the tax court "erred in refusing to extend the 10-day notice requirement for excusable neglect." They contend that their lawyers' actions constitute excusable neglect because the legal distinction between appealing SBOE decisions relating to property valuation and classification versus appealing SBOE decisions addressing error claims is "muddled."

**¶16** The test for excusable neglect by a lawyer is "whether the neglect might befall a reasonably prudent lawyer under similar circumstances." *Ellman*, 180 Ariz. at 339. As this court explained in *Ellman*, Arizona courts are generally unforgiving "when confronted with a lawyer's *legal error* in reading the statutes and the case law." *Id.* at 340 (emphasis in original). The tax court is vested with broad discretion in deciding whether legal error constitutes excusable neglect, and we will not overturn its decision absent a clear abuse of discretion. *See Daou v. Harris*, 139 Ariz. 353, 359 (1984). We defer to the tax court "[b]ecause it is immersed in tax cases" and has a better understanding of "the general level of confusion among practitioners on the procedural requirements of tax appeals." *Ellman*, 180 Ariz. at 341.

**¶17** Here, the tax court found that Taxpayers' failure to perfect service on the County until more than six months after realizing they had the wrong defendant did not constitute excusable neglect. As the tax court noted, Arizona law provides that the Board of Supervisors is the proper service entity when naming the County as a defendant. *See* Ariz. R. Civ. P. 4.1(h)(2); *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 528, ¶¶ 16,

34 (2006) (holding that the Board of Supervisors is the proper entity to serve under Rule 4.1). Arizona law also provides that a taxpayer must serve the defendant with a copy of the notice of appeal within 10 days after appealing to tax court. *See* A.R.S. § 42-16209(A).

**¶18**     The tax court did not abuse its discretion in determining that Taxpayers' failure to effect timely service did not constitute excusable neglect.

## CONCLUSION

**¶19**     For the foregoing reasons, we affirm the decision of the tax court. We award costs to the County upon compliance with Arizona Rule of Civil Appellate Procedure 21.

