NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, ex rel., ARIZONA DEPARTMENT OF REVENUE,
*Plaintiff/Appellee,*

*v.*

JUSTIN RAY ROBINSON,
*Defendant/Appellant.*

No. 1 CA-TX 22-0001
FILED 3-16-2023

Appeal from the Arizona Tax Court
No. TX2021-000098
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Penny Taylor Moore
*Counsel for Plaintiff/Appellee Arizona Department of Revenue*

Justin Ray Robinson, Buckeye
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Jennifer M. Perkins and Judge Angela K. Paton joined.

**W I L L I A M S**, Judge:

**¶1**   Justin Robinson appeals the tax court's judgment against him for unpaid taxes. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**   For tax years 2014, 2015, and 2016, Robinson and his now ex-wife filed income tax returns but did not pay the taxes they owed. In 2021, the Arizona Department of Revenue ("ADOR") sued the Robinsons for the unpaid taxes. Robinson's ex-wife and ADOR reached a settlement agreement, but the claim against Robinson remained. Robinson, now an inmate in the Arizona Department of Corrections, wrote to the tax court informing he had no "prior notice of past due taxes" and no way to pay them.

**¶3**   ADOR moved for judgment on the pleadings, arguing that Robinson's letter constituted an Answer, that he did "not deny that he owes the taxes at issue or any other allegation in the [c]omplaint," and that his failure to deny the allegations constituted an admission under Arizona Rule of Civil Procedure 8(d). Robinson filed no response, and the tax court granted ADOR's motion.

**¶4**   Robinson appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A).

## DISCUSSION

**¶5**   We review the legal basis for the tax court's judgment on the pleadings de novo, while accepting as true Robinson's allegations in his pleadings. *Save Our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, 218–19, ¶ 6 (App. 2007) (as amended).

**¶6**   Robinson does not deny he owes the back taxes. Instead, he asks this court to "cancel the accrued interest and to stop the interest being

added" on his tax debt because of his financial limitations while imprisoned.

**¶7**        Robinson has not provided us with any legal authority (and we are aware of none) that allows this court to waive accrued interest when there has been no allegation or showing that the tax court erred in its ruling. *See* ARCAP 13(a)(7)(A) (noting that arguments in a brief must contain "citations of legal authorities . . . on which the appellant relies"); *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) ("[W]e consider waived those arguments not supported by adequate explanation, citations to the record, or authority."). On this record, there is no legal basis to grant Robinson's requested relief.

## CONCLUSION

**¶8**        We affirm the tax court's ruling.



AMY M. WOOD • Clerk of the Court
FILED:    AA

3