33 P.3d 514

**Barbara J. GUMINSKI, D.V.M., a single woman, Plaintiff–Appellant,**

**v.**

**The ARIZONA STATE VETERINARY MEDICAL EXAMINING BOARD, Defendant–Appellee.**

**No. 1 CA–CV 00–0446.**

Court of Appeals of Arizona, Division 1, Department E.

Oct. 16, 2001.

---

The Cohen Law Firm, by Larry J. Cohen, Phoenix, Attorneys for Plaintiff–Appellant.

Janet Napolitano, The Attorney General, by Marc H. Harris, Assistant Attorney General, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

THOMPSON, Judge.

¶ 1 Appellant Barbara J. Guminski (Guminski) filed a complaint for judicial review of an administrative agency decision rendered against her. Guminski appeals from

the trial court's dismissal of her untimely complaint. For the reasons explained herein, we affirm the trial court's ruling.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Guminski is a veterinarian licensed to practice veterinary medicine in Arizona. Pursuant to a complaint filed against Guminski with the Arizona State Veterinary Medical Examining Board (the Board) concerning her treatment of a cat, the Board conducted an informal interview with Guminski as authorized by Arizona Revised Statutes (A.R.S.) § 32–2234(A)(1992)[1] and R3–11–902 of the Arizona Administrative Code (A.A.C.). Guminski attended the hearing alone, although she was advised of her right to counsel.

¶ 3 As a result of the informal interview, the Board on May 25, 1999, issued findings of fact, conclusions of law, and an order placing Guminski on probation for one year and imposing various terms of probation. The order advised Guminski that pursuant to A.R .S. § 32–2234 and A.A.C. R3–11–904, she had the right to seek rehearing of the Board's decision by filing a written petition within twenty days of service of the order.[2]

¶ 4 Guminski, through counsel, filed a timely request for rehearing with the Board. On August 24, 1999, the Board notified Guminski and her counsel by certified letter that it had denied the request for rehearing, finding no grounds upon which to grant the request. In the final paragraph of its letter, the Board pointed out that the request for rehearing had stayed the original order, but that, with this ruling, the order would now take effect. The letter also stated that "[d]ecisions of the Board are subject to Judicial Review pursuant to Arizona Revised Statutes, Title 12, Chapter 7, Article 6."

¶ 5 Instead of filing a complaint for judicial review in superior court, Guminski's counsel filed a request for "reconsideration of the Board's decision denying the Petition for Re-

---

1. The statutes pertaining to veterinarians are set forth in A.R.S. §§ 32–2201 to –2281.

2. We note that the current versions of the statute and rule allow thirty days for filing the petition for rehearing or review. *See* A.R.S. § 32–2234(F) (Supp.2000) referring to A.R.S. § 41–

1092.09(B) (1999) and A.A.C. R3–11–904(A) (Supp.2000). Because the statute and rules have not been modified in any material respect affecting this appeal, we will refer to the current versions in this opinion for ease of reference.

hearing" with the Board on August 31, 1999. On October 29, 1999, the Board sent written notification to Guminski and her counsel that it had considered the request for reconsideration at its monthly meeting on October 20, 1999, but had declined to reconsider it.

¶ 6 On November 29, 1999, Guminski filed her complaint for judicial review of the administrative decision entered on May 25, 1999, and from the Board's rulings on her subsequent motions. The board filed a motion to dismiss. The trial court dismissed Guminski's complaint as untimely, finding that the forty-day time period in which to request judicial review had begun to run when Guminski's request for rehearing was denied on August 24, 1999. Guminski appeals to this court from the trial court's entry of formal judgment dismissing her complaint.

## DISCUSSION

¶ 7 At issue is whether the trial court correctly determined that Guminski's complaint for judicial review of the administrative decision sanctioning her was untimely. The court determined that the time began to run when her request for rehearing was denied on August 24, 1999, and therefore her complaint was untimely when it was filed on November 29, 1999. Guminski claims that she was entitled by law to file a request for reconsideration of the denial of rehearing and that the time for filing the complaint began to run when her request for reconsideration was denied on October 29, 1999. Alternatively, she contends that the facts are such that the Board should be estopped from asserting that the superior court is precluded from reviewing the administrative decision.

■ ¶ 8 The parties acknowledge, and we agree, that the trial court's ruling essentially was a determination that it lacked jurisdiction to consider the complaint for judicial review. As noted by our supreme court in *Knape v. Brown*, 86 Ariz. 158, 159, 342 P.2d 195, 195 (1959), an action for judicial review of an administrative decision is "in the nature of an appeal." It has long been held that the right to appeal from any ruling including an administrative decision exists only by force of statute and is limited by the terms of the statute. *Ariz. Comm'n of*

*Agric. & Hortic. v. Jones*, 91 Ariz. 183, 187, 370 P.2d 665, 668 (1962); *Knape*, 86 Ariz. at 159, 342 P.2d at 196. As this court noted in *State ex rel. Dandoy v. City of Phoenix*, 133 Ariz. 334, 337, 651 P.2d 862, 865 (App.1982), "the failure to seek review of an administrative agency decision within the time and in the manner provided by [statute] results in the decision becoming final and not subject to judicial review for mere legal error or factual insufficiency."

■ ¶ 9 A trial court's decision to dismiss a case for lack of jurisdiction is reviewed by this court de novo. *Harris v. Harris*, 195 Ariz. 559, 561, ¶ 6, 991 P.2d 262, 264 (App. 1999). Guminski argues that there are disputed issues of fact surrounding the central question of whether the Board's decision became final and reviewable when it denied rehearing on August 24, 1999, or not until it ruled on the request for reconsideration on October 29, 1999. Therefore, she argues, it was error for the trial court to rule as a matter of law on the issue instead of leaving the question for a jury.

■ ¶ 10 The determination as to when the Board's decision became reviewable by the superior court depends solely on the proper interpretation to be given to the relevant statutes and administrative rules. Interpretation of a statute is an issue of law to be determined by the court. *Shaffer v. Ariz. State Liquor Bd.*, 197 Ariz. 405, 408, ¶ 8, 4 P.3d 460, 463 (App.2000). The rules for interpreting statutes apply equally to administrative regulations. *Rice v. Ariz. Dep't of Econ. Sec.*, 183 Ariz. 199, 203, 901 P.2d 1242, 1246 (App.1995). We review de novo the trial court's determination from the applicable statutes and administrative rules that Guminski's complaint for judicial review was untimely. *See Webb v. Ariz. Bd. of Med. Exam'rs*, 194 Ariz. 117, 120, ¶ 11, 977 P.2d 839, 842 (App.1999).

¶ 11 There is no dispute that the Board's ruling on May 25, 1999, sanctioning Guminski, was an "administrative decision" or "decision" as defined in A.R.S. § 12–901(2). That statute defines "decision" as "any decision, order or determination of an administrative agency that is rendered in a case, that

affects the legal rights, duties or privileges of persons and that terminates the proceedings before the administrative agency." *Id.*

¶ 12 Pursuant to A.R.S. § 12–902, only "final" decisions of the administrative agency are reviewable. A decision does not become "final," as explained in A.R.S. § 12–901(2), until a ruling on an application for rehearing or review is made where "a statute or a rule of the administrative agency requires or permits an application for a rehearing or other method of administrative review, and an application for a rehearing or review is made...." Under A.R.S. § 12–901(2), administrative decisions are "final" once a ruling on the application for administrative review is made. Once the "final administrative decision" has been served on the party, A.R.S. § 12–904 requires that a complaint for judicial review be filed within thirty-five days.[3] Section 12–902(B) provides that if judicial review is not timely sought, it is barred.

■ ¶ 13 The crucial question in this case is when the administrative decision sanctioning Guminski became "final" causing the time for filing the complaint to begin to run. This question turns upon the proper interpretation of the relevant statutes and administrative rules providing for "administrative review" of the Board's decision. Section 32–2234(F) provides that a party may apply for "a rehearing or review" by filing "a motion pursuant to title 41, chapter 6, article 10." The relevant statutory provision, A.R.S. § 41–1092.09(B) (1999), provides for the filing of "a motion for rehearing or review within thirty days after the service of the administrative decision that is subject to rehearing or review...." The applicable rule governing administrative review of the Board's decisions is A.A.C. R3–11–904; A.A.C. R3–11–904(A) provides that "a party who is aggrieved by a decision issued by the Board may file with the Board, not later than 30 days after service of the decision, a written motion for rehearing or review of the decision specifying the grounds for rehearing or review."

¶ 14 Guminski argues that because the above-mentioned statutes and rule provide for "rehearing or review" (emphasis supplied), she was permitted to file both the request for rehearing and the later request for reconsideration when her first request had been denied. Whether the "or" in the phrase "rehearing or review" is interpreted to include the meaning "and" as well as "or," A.R.S. § 12–904 requires that judicial review be sought within thirty-five days of an agency's final decision. Even if we were to ultimately conclude that reconsideration were available,[4] Guminski's request for judicial review was untimely because it was not filed within thirty-five days of the denial of her petition for rehearing.

■ ¶ 15 Guminski argues that the denial of her petition for rehearing is itself a "decision" of the Board from which she could request "rehearing or review," extending the time to seek judicial review. We find no merit to her argument. It is clear from reading A.A.C. R3–11–901 through R3–11–905 that the word "decision" as used in A.A.C. R3–11–904(A) applies only to the ruling made upon the conclusion of the Board's informal interview process or formal hearing. The term "decision" does not apply to the Board's rulings on requests for rehearing or review and we find no intent in the statutes or rules to allow potentially limitless extensions of the time to seek judicial review resulting from repeated denials of rehearing, review or reconsideration.

¶ 16 Even so, Guminski argues that a different result should be reached in this case because the Board failed to use express language in its denial of the request for rehearing that its decision was now "final." Neither the relevant statutes nor the rules require the Board to state that its decision is "final." Although we do not discourage the Board from aiding a party in determining when a decision is "final," we conclude that it is incumbent upon the party and counsel, themselves, to determine from the provisions of the statutes and the rules when the decision has become "final." In this instance, the Board's ruling denying re-

---

3. An additional five days is allowed if the final administrative decision is served by mail.

4. We do not reach the question whether the Board could reconsider its ruling.

hearing actually advised Guminski at that point that its decision was "subject to Judicial Review pursuant to Arizona Revised Statutes, Title 12, Chapter 7, Article 6." This language effectively disclosed that the Board considered its decision to be "final."

¶ 17 Guminski's final contention is that the Board should be estopped from asserting that the superior court lacked jurisdiction to review its decision. She alleges estoppel based on the fact that personnel in the Board's office did not reject her request for reconsideration when she sought to file it and that the Board failed to act quickly enough in declining reconsideration of her request so that she still would have had time to file a timely complaint for judicial review in the superior court.

¶ 18 In this case, we are not concerned with a mere defense to bringing suit in superior court but with the subject matter jurisdiction of the court to hear the case. It is a well-settled rule of law that subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel. *E.g., Tourneau Houston, Inc. v. Harris County Appraisal Dist.*, 24 S.W.3d 907, 910 (Tex.App.2000); *Kennedy v. Wisc. Dep't of Health and Soc. Servs.*, 199 Wis.2d 442, 544 N.W.2d 917, 920 (App.1996); *Paulik v. Vill. of Caseyville*, 100 Ill.App.3d 573, 56 Ill.Dec. 133, 427 N.E.2d 213, 215 (1981); *People v. Stuyvesant Ins., Co.*, 261 Cal.App.2d 773, 68 Cal.Rptr. 389, 396 (App.1968). The Arizona courts have had occasion to hold that subject matter jurisdiction cannot be waived, *e.g., Matter of Guardianship of Mikrut*, 175 Ariz. 544, 546, 858 P.2d 689, 691 (App.1993), and cannot be conferred by consent. *E.g. Maricopa County Juv. Action No. JD–05401*, 173 Ariz. 634, 640, 845 P.2d 1129, 1135 (App.1993). Under the same rationale, we hold that it cannot be conferred by estoppel here. It is unnecessary to consider any additional grounds that might exist for refuting Guminski's estoppel argument.

## CONCLUSION

¶ 19 For the reasons explained in this opinion, we affirm the trial court's decision that it lacked jurisdiction to consider Guminski's complaint for judicial review.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, EDWARD C. VOSS, Judge.