263 P.3d 661

**ARIZONA PHYSICIANS IPA, INC., Plaintiff/Appellant,**

v.

**WESTERN ARIZONA REGIONAL MEDI-CAL CENTER; Arizona Health Care Cost Containment System; and Thomas J. Betlach, in his capacity as Director of AHCCCS, Defendants/Appellees.**

No. 1 CA–CV 10–0579.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 27, 2011.

Brownstein Hyatt Farber Schreck, L.L.P. By John C. West, Phoenix, Attorneys for Plaintiff/Appellant.

Gammage & Burnham, P.L.C. By George U. Winney, Heather J. Boysel, Cameron Artigue, Phoenix, Attorneys for Defendants/Appellees WARMC.

Lorona Steiner Ducar L.T.D. By Timothy D. Ducar, Kenneth M. Rudisill, Phoenix, Attorneys for Defendants/Appellees AHCCCS/Betlach.

## OPINION

DOWNIE, Judge.

¶1 Arizona Physicians IPA, Inc. ("APIPA") appeals the dismissal of its complaint for judicial review. We hold the determination by Arizona Health Care Cost Containment System ("AHCCCS") that certain claim disputes were timely received is an interlocutory decision not subject to judicial review under Arizona's Administrative Procedures Act ("the Act").[1] We therefore affirm the judgment of the superior court.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2003 and 2004, Western Arizona Regional Medical Center ("WARMC") provided hospital and emergency services to individuals enrolled with APIPA, an AHCCCS health plan service provider. According to WARMC, in 2004 and 2005, it submitted seven separate grievances, each alleging that APIPA's reimbursement rate for certain services was lower than the contracted rate, and asking APIPA to make "payment at the appropriate level." Attached to each grievance were pages of line item documents listing the disputed services.

1. *See* Ariz.Rev.Stat. §§ 12–901, *et seq.*

¶3 In a letter dated February 21, 2008, WARMC notified APIPA that it had not received a decision regarding its grievances; WARMC attached copies of the letters and supporting documentation previously submitted. APIPA received WARMC's letter on February 25, 2008, and denied the grievances the next month, asserting that they failed to comply with Arizona Revised Statutes ("A.R.S.") Section 36–2903.01(B)(4), which requires payment grievances to be received within 12 months of the date of service.

¶4 WARMC requested a hearing. *See* A.A.C. R9–34–405 (delineating procedures for AHCCCS provider claim disputes). The parties agreed that the administrative hearing would be limited to the question of whether APIPA "actually received" the grievance letters in a timely fashion. They explained to the Administrative Law Judge ("ALJ") that the "underlying issue," i.e., whether APIPA had applied appropriate reimbursement rates, would be considered at a later date if the grievances were deemed timely.

¶5 At the hearing, WARMC offered evidence that APIPA had timely received the grievances, despite its claim to the contrary. The ALJ ruled the grievances had been timely received, but noted that approximately 27 of the individual line items "had dates of service that would be excluded as untimely" because the services were provided more than 12 months before receipt of the grievance letters.

¶6 In a Director's Decision, AHCCCS sustained the ALJ's determination that 1354 claims were timely filed and ordered APIPA to issue Notices of Decision on the merits of those claims. The Director's Decision denied WARMC's appeal of the 27 line items deemed untimely. APIPA requested review of the Director's Decision, which AHCCCS substantively affirmed in a "Final Decision" stating it was "subject to judicial review" in accordance with the Act.

¶7 APIPA filed a complaint for judicial review in the superior court. WARMC moved to dismiss, contending the court lacked subject matter jurisdiction because

the so-called "Final Decision" was not in fact a final administrative decision, as defined by the Act. After briefing and oral argument, the superior court granted WARMC's motion to dismiss, stating:

> The January 12, 2010, decision does not "terminate[ ] the proceeding before the administrative agency"; instead, it orders the parties to litigate the merits of the claims. Because the January 12, 2010, decision does not terminate the proceeding before the administrative agency, APIPA's Complaint is the proper subject for dismissal.

¶ 8 APIPA timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12–2101(B) and –120.21(A)(1).

## DISCUSSION

¶ 9 "[T]he interpretation of statutory requirements governing judicial review of administrative decisions is a question of law." *Bolser Enters., Inc. v. Ariz. Registrar of Contractors*, 213 Ariz. 110, 112, ¶ 12, 139 P.3d 1286, 1288 (App.2006). We independently determine whether the superior court properly dismissed a complaint for judicial review based on a lack of subject matter jurisdiction. *Id.*

¶ 10 The right to appeal from an administrative decision exists only by force of statute and is limited by the terms of the statute. *Guminski v. Ariz. Veterinary Examining Bd.*, 201 Ariz. 180, 182, ¶ 8, 33 P.3d 514, 516 (App.2001). The Act permits appeals to the superior court from "final" decisions of administrative agencies. A.R.S. § 12–902(A)(1), –904(A); *see also Ariz. Comm'n of Agric. & Horticulture v. Jones*, 91 Ariz. 183, 187, 370 P.2d 665, 668 (1962) ("Under A.R.S. § 12–902 the scope of appeal of the Administrative Review Act is limited to the review of a *final decision* of an administrative agency."). The Act defines decisions subject to judicial review as follows:

> "Administrative decision" or "decision" means any decision, order or determination of an administrative agency that is rendered in a case, that affects the legal

rights, duties or privileges of persons *and that terminates the proceeding before the administrative agency.*

A.R.S. § 12–901(2) (emphasis added).

¶ 11 The decision at issue did not terminate the proceedings before the administrative agency. WARMC's grievances over reimbursement rates initiated the administrative process, *see* A.A.C. R9–34–405 (addressing the grievance system for AHCCCS provider claims disputes), and those grievances have not yet been resolved. AHCCCS has become substantively involved. Indeed, it has ordered the next step in the proceedings, directing APIPA to consider WARMC's grievances on the merits and "issue a written Notice of Decision as to each of the 1354 claim dispute [sic] that were filed." APIPA itself has characterized AHCCCS's decision as a "remand" of the claims dispute. "A remand order is not a final agency decision. . . ." *Alaska v. EEOC*, 564 F.3d 1062, 1065 n. 1 (9th Cir.2009); *see also Aluminum Co. of Am. v. United States*, 790 F.2d 938, 941 (D.C.Cir.1986) (it has been "firmly established that agency action is not final merely because it has the effect of requiring a party to participate in an agency proceeding").

¶ 12 The situation before us is analogous to the denial of a motion to dismiss on statute of limitations grounds. Although a defendant might seek special action review of such a decision, there is no right of appeal from that interlocutory ruling. *Cf. Bennett v. Spear*, 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (an appealable administrative decision must "mark the 'consummation' of the agency's decisionmaking process" and may not be interlocutory in nature); *Appalachian Power Co. v. EPA*, 208 F.3d 1015, 1022 (D.C.Cir.2000) ("[A]n agency's action is not necessarily final merely because it is binding.").[2]

¶ 13 At the outset of the administrative hearing, counsel for APIPA advised the ALJ that the parties had agreed to initially proceed only on the issue of timeliness, stating:

---

2. We recognize that compelling circumstances must exist for a party to an administrative proceeding to "by-pass the Act and avail himself of the extraordinary writs." *See Rhodes v. Clark*, 92 Ariz. 31, 37, 373 P.2d 348, 352 (1962).

[Counsel for WARMC] and I discussed in advance [of] the hearing that ... we're not going to be getting into the merits of the payment rate on the underlying claims, that the issue we're addressing today was whether the claims were timely filed and prosecuted. *And then if—if Western Arizona prevails on that, we'll have to go back and deal with, on the merits,* 1,381, or however many (inaudible) are, but you shouldn't expect to hear today why they were paid at a certain number versus another number.[3] (Emphasis added.)

And in its post-hearing memorandum, API-PA acknowledged that the finality of the administrative proceedings depended on how the timeliness question was decided, stating:

> If APIPA prevails at this stage, this matter will be resolved. *If WARMC prevails at this stage, APIPA will proceed with attempts to resolve this dispute on the merits.* (Emphasis added.)

¶ 14 AHCCCS's determination of timeliness is akin to, though less "final" than, a determination of liability. Appellate courts in other jurisdictions have held that administrative orders determining liability, but not damages, are not generally final for purposes of judicial review. *See Bullock v. AIU Ins. Co.,* 995 So.2d 717, 722, ¶ 19 (Miss.2008) (ALJ ruling that employer and insurer were liable to workers' compensation claimant for benefits was not final for purposes of judicial review because amount and duration of benefits had not yet been decided); *Sun Shipbuilding & Dry Dock Co. v. Benefits Review Bd., U.S. Dep't of Labor,* 535 F.2d 758, 760 (3d Cir.1976) ("It is a well-established rule of appellate jurisdiction ... that where liability has been decided but the extent of damage remains undetermined, there is no final order."). We agree with these authorities.

¶ 15 AHCCCS's characterization of its interlocutory order as a "Final Decision" is immaterial to the question of jurisdiction. "It is a well-settled rule of law that subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel." *Guminski,* 201 Ariz. at 184, ¶ 18, 33 P.3d at 518. It is

"incumbent upon the party and counsel, themselves, to determine from the provisions of the statutes and the rules when the [administrative] decision has become 'final.'" *Id.* at 183, ¶ 16, 33 P.3d at 517. An agency's incorrect explanation of a litigant's appeal rights cannot create jurisdiction in the superior court.

¶ 16 Finally, we disagree with APIPA that judicial review under the Act "could" be its only opportunity to challenge the timeliness determination. If WARMC is aggrieved after entry of a final administrative decision on the merits, it may file a complaint for judicial review in the superior court, and APIPA may then seek review of the timeliness issue. If WARMC does not pursue judicial review, we are aware of nothing that would prevent APIPA from itself then filing a complaint for judicial review relating to the question of timeliness.

### CONCLUSION

¶ 17 For the foregoing reasons, we affirm the dismissal of APIPA's complaint for judicial review.

CONCURRING: PETER B. SWANN and DONN KESSLER, Judges.

dispute over contract reimbursement rates.

---

**3.** Later in the administrative hearing, counsel for APIPA referred to the "underlying issue" as a