NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

———————————————

AARON MINOR; ARIZONA CONFERENCE OF POLICE AND
SHERIFFS, *Petitioners/Appellants*,

*v.*

CITY OF SCOTTSDALE; DONNA BROWN; JEFFREY SKOGLIND;
BARBARA BURNS; BRUCE WASHBURN; JIM THOMPSON,
*Respondents/Appellees*.

No. 1 CA-CV 21-0450
FILED 3-15-2022

———————————————

Appeal from the Superior Court in Maricopa County
No. LC2021-000033-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

———————————————

COUNSEL

Steven J. Serbalik, Scottsdale
*Counsel for Petitioners/Appellants*

Wieneke Law Group PLC, Tempe
By Kathleen L. Wieneke, Laura Van Buren
*Counsel for Respondents/Appellees*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1 Aaron Minor appeals the superior court's dismissal of his petition for a de novo review hearing following his termination from the City of Scottsdale's (the City) police force. Because Minor's petition was untimely, we affirm.

## BACKGROUND

¶2 In October 2019, the Scottsdale Police Department (the Department) terminated Minor's employment. After Minor filed a lawsuit in federal court challenging the termination, the parties reached a settlement agreement that provided for Minor's reinstatement with the police force while an outside investigator scrutinized the basis for his dismissal. At the conclusion of the outside investigation (March 2020), the Department again terminated Minor's employment.

¶3 In accordance with Arizona's Peace Officers Bill of Rights (POBR), A.R.S. §§ 38-1101 through -1120, which governs the administrative review of disciplinary actions involving law enforcement officers, and Scottsdale Revised Code (S.R.C.) §§ 14-71, -75, Minor appealed his termination and requested a hearing before the Scottsdale Personnel Board (the Board). At the time of Minor's appeal, the Board consisted of only two members, with one position vacant. After a four-day hearing, the Board issued split findings, with the Chair finding no cause to discipline Minor and the Vice-Chair finding just cause for his termination.

¶4 Acting in its advisory capacity, the Board provided its split findings and the hearing transcripts to the Scottsdale City Manager (City Manager) for a final decision. *See* S.R.C. § 14-3(d)(3) ("The personnel board conducts a hearing and makes its recommendation to the city manager. The decision of the city manager is final."). Upon reviewing the transcripts and findings, the City Manager entered a signed decision that rejected the Chair's findings, adopted the Vice-Chair's findings, and affirmed Minor's termination. On the same day, December 23, 2020, the City's Human

Resources Director (the Director) emailed the City Manager's decision to Minor and his attorney, stating that a "hard copy of th[e] decision" would be mailed.

**¶5** On February 3, 2021, Minor filed a petition for a de novo review hearing in the superior court. The City, the Director, the City Manager, and the members of the Board (collectively, the Defendants) moved to dismiss Minor's petition as untimely.

**¶6** After full briefing on the motion, the superior court found the Defendants had properly served Minor in compliance with Arizona's Administrative Review Act (ARA), A.R.S. §§ 12-901 through -914, and the City's Personnel Board Rules and Procedures (Board's Rules and Procedures) when the Director emailed the City Manager's decision to Minor and his attorney on December 23, 2020. Because Minor did not file his appeal until February 3, 2021, "42 days after service by email," the court found Minor's petition untimely.

**¶7** Accordingly, the superior court entered a final judgment dismissing Minor's petition. Minor timely appealed.

## DISCUSSION

**¶8** Minor challenges the superior court's finding that the Defendants' method of "service was not deficient." He asserts the Defendants "never lawfully served him with the City Manager's decision," and therefore he timely filed a petition on February 3, 2021, 35 days after he received a mailed, physical copy of the City Manager's decision on December 30, 2020.

**¶9** The timely filing of an appeal is a jurisdictional prerequisite to appellate review. *See In re Marriage of Gray*, 144 Ariz. 89, 90 (1985). If jurisdiction is lacking, a court has "no authority to entertain an appeal" and must dismiss it. *James v. State*, 215 Ariz. 182, 185, ¶ 11 (App. 2007) ("It is settled in Arizona that the perfecting of an appeal within the time prescribed is jurisdictional; and, hence, where the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal.") (quoting *Edwards v. Young*, 107 Ariz. 283, 284 (1971)).

**¶10** "The determination as to when [the City Manager's] decision became reviewable by the superior court depends solely on the proper interpretation to be given to the relevant statutes" and administrative and procedural rules. *Guminski v. Ariz. State Veterinary Med. Examining Bd.*, 201 Ariz. 180, 182, ¶ 10 (App. 2001). We interpret statutes, court rules, and

administrative regulations de novo. *Id.*; *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 544, ¶ 6 (App. 2008). We likewise review de novo the superior court's ultimate determination that Minor's petition for judicial review was untimely. *Guminski*, 201 Ariz. at 182, ¶ 10. We will uphold the superior court's ruling "if it is correct for any reason, even if that reason was not considered by the [superior] court." *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).

¶11 Under the PBOR, a demoted or terminated law enforcement officer "may bring an action in superior court for a hearing de novo on the demotion or termination." A.R.S. § 38-1107(A). To commence such an action timely, the law enforcement officer must file a petition "within thirty-five calendar days after a copy of the decision sought to be reviewed is *served* on the law enforcement officer." A.R.S. § 38-1107(D) (emphasis added).

¶12 No provision of A.R.S. § 38-1107 prescribes the manner of notification required to effectuate service. In the absence of an express standard, the Defendants assert that the term "served," as used in § 38-1107(D), should be construed in a manner consistent with its usage "elsewhere in the PBOR." Pointing to other PBOR provisions, the Defendants contend that service, for purposes of § 38-1107(D), simply means notice, with no specific form of notification required.

¶13 "When interpreting a statute, our primary goal is to give effect to the legislature's intent." *Wilks v. Manobianco*, 237 Ariz. 443, 446, ¶ 8 (2015). (internal quotation marks omitted). We derive that intent by examining the statute's "entire text, considering the context and related statutes on the same subject." *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019); *see also Pinal Vista Properties, L.L.C. v. Turnbull*, 208 Ariz. 188, 190, ¶ 10 (App. 2004) (explaining that statutes that relate to the same subject or the same general purpose "should be read in connection with, or should be construed with other related statutes, as though they constituted one law") (internal quotation marks omitted)). To evaluate and construe procedural rules and administrative regulations, we apply the same principles of statutory construction. *Haroutunian*, 218 Ariz. at 544, ¶ 6; *Guminski*, 201 Ariz. at 182, ¶ 10.

¶14 As the Defendants point out, other PBOR provisions employ the terms "serve" and "served." Section 38-1105 governs the designation of a law enforcement officer as a witness by an employer police department as part of an investigation of another law enforcement officer. Subsection (B) states that "information learned during a witness interview . . . shall remain" confidential "until the witness law enforcement officer is served

with a notice of investigation by the employer" or the witness is otherwise expressly "released from the confidentiality requirements." Another statute cited by the Defendants, A.R.S. § 38-1106(A), governs the exchange of information and documents between an employer police department and a subject law enforcement officer during "any appeal of a disciplinary action." Under the statute, the parties "shall cooperate," "act in good faith," and timely "exchange copies of all relevant documents" and witness lists. § 38-1106(A). Subsection (A)(1) requires the employer police department to "provide a complete copy of the investigative file" to the law enforcement officer and subsection (A)(2) requires both parties to "produce and serve" certain enumerated information.

¶15 Considering their respective subject matter – informing a *witness* that an investigation is complete and the *cooperative* exchange of information between parties—neither § 38-1105 nor § 38-1106 contemplates formal service of process. But neither statute, nor any other PBOR provision, establishes what manner of service must be employed to provide adequate notice. *See* § 38-1101.

¶16 Given the absence of a clear standard for service within the PBOR, the superior court applied A.R.S. § 12-904(A) of the ARA, which states:

> An action to review a final administrative decision shall be commenced by filing a notice of appeal within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the party affected. The method of service of the decision shall be as provided by law governing procedure before the administrative agency, or by a rule of the agency made pursuant to law, but if no method is provided a decision shall be deemed to have been served when personally delivered or mailed by certified mail to the party affected at the party's last known residence or place of business. Service is complete on personal service or five days after the date that the final administrative decision is mailed to the party's last known address.

Distilled, § 12-904 states that the method of service must be by personal service or by registered mail unless the underlying statute or regulations prescribe an alternate method. But as Minor correctly points out, § 12-904 does not apply here because the ARA specifically excludes political subdivisions, municipal corporations, and their agencies, such as the Board and City Manager in this case. *See* A.R.S. § 12-901(A) (defining

"administrative agency" or "agency" to include "every agency, board, commission, department or officer authorized by law to exercise rule-making powers or to adjudicate contested cases" and exclude "any political subdivision or municipal corporation or any agency of a political subdivision or municipal corporation"); *see also Stant v. City of Maricopa Emp. Merit Bd.*, 234 Ariz. 196, 199, ¶ 10 (App. 2014) (concluding the ARA "is inapposite" and does not apply to cases concerning "the disciplinary decisions of a municipality and its police department"); *Woerth v. City of Flagstaff*, 167 Ariz. 412, 416-17, 416 n.4 (App. 1990) (concluding the ARA does not authorize an appeal from municipal personnel board decisions); *see also McClanahan v. Cochise College*, 25 Ariz. App. 13, 16 (1975) (explaining a political subdivision "exists for the purpose of discharging some function of local government, that it has a prescribed area, and that it possesses authority for subordinate self-government by the officers selected by it"). Likewise, the ARA, by its express terms, does not apply to the judicial review of any decision governed by a separate statutory scheme that "prescribes a definite procedure" for reviewing an agency's decisions, such as the PBOR here. A.R.S. § 12-902(A)(1).

**¶17** Equally important, and contrary to the superior court's findings, the Board's Rules and Procedures do not authorize service of the City Manager's decision by email as in this case. Board Rule and Procedure 8.0, which governs "Service by Mail and Electronic Mail," states:

> Any notice or document required to be sent by the HR Director to the Parties shall also be sent via electronic mail to the Parties if an electronic mail address is provided to the HR Director by such Party. A Party shall promptly send a copy of any document filed with the HR Director to the other Party via first class mail unless another form of service is expressly required by these Rules. Provided, however, the Parties may enter into a mutual agreement that documents required to be served by first class mail may be served by electronic mail in lieu thereof. Any such agreement shall be in writing and filed with the HR Director before it is effective.

Only the first sentence of the rule applies directly to notifications by the Director, stating that such notices "shall *also* be sent via electronic mail." Read in context, this sentence necessarily implies that all notifications by the Director will be sent, first and foremost, by mail. The rule does not establish, however, whether service by mail is complete upon mailing or after a prescribed period.

6

**¶18**       Moreover, while the remaining portion of Board Rule and Procedure 8.0 permits parties to enter written agreements authorizing service (to each other) by electronic mail rather than first-class mail, here, the parties did not file such an agreement with the Director. Accordingly, applying Board Rule and Procedure 8.0 to these facts, the Director's December 23, 2020 email notification of the City's Manager's decision did not constitute proper service on Minor.

**¶19**       Having determined that the PBOR does not prescribe a method of service, the ARA does not apply to actions arising under the PBOR, and the Board's Rules and Procedures do not delineate when service by mail is effective, we turn to the Arizona Rules of Civil Procedure (Rule). Minor asserts that Rule 4.1 governs service for appeals pursuant to the PBOR.

**¶20**       Rule 4.1 governs in-state service of process. To commence a lawsuit in compliance with Rule 4.1, a complaining party must notify all defendants of the claims against them—furnishing a copy of the complaint or petition and a summons. Ariz. R. Civ. P. 4.1(b). Service of an individual is complete upon: "(1) delivering a copy of the summons and the pleading being served to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Ariz. R. Civ. P. 4.1(d).

**¶21**       Because the scope of Rule 4.1 is limited to service of process—the notification to defendants that an action is being brought against them—it has no application here. Simply put, the City Manager's decision did not raise a new claim against Minor that he needed to timely defend; rather, it resolved the challenge that *Minor* had raised against the Department.

**¶22**       Unlike Rule 4.1's limited application, Rule 5 governs service generally. Ariz. R. Civ. P. 5(a). Service under Rule 5 may be effectuated by: (A) handing the document to be served directly to the recipient; (B) leaving the document at the recipient's office with a person in charge or in a conspicuous place or at the recipient's usual place of abode with someone of suitable age and discretion who resides there; (C) mailing the document to the recipient's last-known address ("in which event service is complete upon mailing"); (D) delivering the document electronically if the recipient consents in writing to that method ("in which event service is complete upon transmission"); or (E) transmitting the document through an electronic filing service provider approved by the Administrative Office of

the Courts, if the recipient is an attorney of record in the action ("in which event service is complete upon transmission"). Ariz. R. Civ. P. 5(c)(2). "When a party may or must act within a specified time after service and service is made [by mail or electronically] under Rule 5(c)(2)(C), (D), or (E), 5 calendar days are added after the specified period would otherwise expire." Ariz. R. Civ. P. 6(c).

¶23        Applying this procedural framework, Minor was served with the City Manager's decision upon its mailing, Ariz. R. Civ. P. 5(c)(2)(C), but he had an additional five days to appeal under the time-extending rule, Ariz. R. Civ. P. 6(c). Accordingly, to satisfy § 38-1107(D)'s timeliness requirement, Minor had to file his petition for a de novo review hearing within 40 days of the Director mailing the City Manager's decision.

¶24        As part of their motion to dismiss, the Defendants submitted signed declarations from two City employees avowing that they mailed the City Manager's decision to Minor on December 24, 2020, (41 days before Minor filed his petition), Minor challenges that evidence, arguing his receipt of the mailed decision on December 30, 2020 is consistent with a December 28, 2020 mailing (37 days before Minor filed his petition).

¶25        Because the superior court found that the Director's December 23, 2020 email constituted proper service, it never made an express finding regarding the date of mailing. We need not make such a finding in the first instance, or remand for such a finding, however, because Minor does not contest that he received actual notice of the City Manager's decision on December 23, 2020, via the Director's email. In fact, Minor, through counsel, publicly acknowledged his receipt of the email notification on December 23, 2020, in a social media posting, which claimed the "timing" of the Director's "announce[ment]" of the City Manager's decision, "on the evening before Christmas Eve," caused Minor and his family "significant additional unnecessary stress." *See United Farm Workers of Am., AFL-CIO v. Ariz. Agric. Emp. Rels. Bd.*, 149 Ariz. 70, 73 (App. 1986) (concluding that a party "was served" on the date the party acknowledged receiving an administrative decision even though the administrative decision was "served by ordinary mail and not by registered mail or personal service" as required under the ARA); *Kline v. Kline*, 221 Ariz. 564, 570, ¶ 21 (App. 2009) ("If service is not achieved according to the requirements of the applicable procedural rule, it is technically defective . . . . But strict technical compliance with rules governing service may be excused when the court has already acquired jurisdiction over the receiving party and that party receives actual, timely notice."); *see also Scott v. G. A. C. Fin. Corp.*, 107 Ariz. 304, 306 (1971) (upholding superior court's refusal to

set aside a default judgment, notwithstanding that the service, arguably, "was voidable" because the record reflected that the defendant had timely received "actual notice"). Nonetheless, Minor did not file his petition for a de novo review hearing until February 3, 2021, 42 days after he received actual notice. Because Minor indisputably received actual notice of the City Manager's decision, he was not prejudiced by any technical defect in service and was afforded the protections required by our rules of procedure and due process principles. Simply put, Minor's arguments regarding the method of service fail. Even applying Rule 6(c)'s five-day time extension, *see Thielking v. Kirschner*, 176 Ariz. 154, 157-62 (App. 1993) (applying Rule 6's time-extension provision to administrative decisions), Minor's petition was untimely. Therefore, the superior court did not err by dismissing the petition for lack of jurisdiction.

## CONCLUSION

¶26        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

9